United States District Court
Southern District of Texas
**ENTERED**
January 02, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL S. WILLIS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-210 |
| | § | |
| WARDEN HANSON, THREE RIVERS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons (BOP) and currently is incarcerated at the Federal Correctional Institution (FCI) in Three Rivers, Texas. Proceeding *pro se*, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on June 12, 2017 (D.E. 1). Petitioner claims that he is entitled to credit on his federal sentence for time spent in state custody. Respondent filed a motion for summary judgment, or, alternatively, to dismiss, on September 22, 2017 to which Petitioner responded on October 11, 2017 (D.E. 13, 14). For the reasons set forth below, it is recommended that Respondent's motion be granted in part and denied in part. Petitioner's habeas corpus petition should be dismissed without prejudice because he has not exhausted his administrative remedies. Respondent's motion for summary judgment should be denied because this Court lacks jurisdiction to rule on the merits of Petitioner's claim.

## JURISDICTION

This court has federal question jurisdiction over this civil action filed pursuant to 28 U.S.C. § 2241 because Petitioner is incarcerated at the FCI in Three Rivers, Texas, located in the Corpus Christi Division of the Southern District of Texas. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (Section 2241 petition must be filed in the district of incarceration); 28 U.S.C. § 1331.

## BACKGROUND

On April 20, 2000 Petitioner was arrested by the Austin Police Department after an attempted burglary (Decl. of Ronald Williams, filed under seal, at ¶ 5; D.E. 12 at p. 2). As part of the investigation, police officers discovered two firearms in the vehicle Petitioner was driving and a baggie of cocaine in his pocket (Presentence Investigation Report [PSI], filed under seal, at ¶ 38; D.E. 12 at p. 12). Petitioner was tried in state court on the cocaine charge and sentenced to twenty-five years in the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID) (Commitment Inquiry, filed under seal, D.E. 12 at p. 26; Memo from U.S. Prob. Ofc., filed under seal, D.E. 12 at p. 32). Petitioner pleaded guilty to the federal charge of being a felon in possession of a firearm and was sentenced to seventy-eight months in the BOP and a three-year term of supervised release (PSI, D.E. 12 at p. 12). On May 11, 2006, Petitioner was released from federal custody and sent to the TDCJ-CID on a detainer (*Id.*). On November 26, 2007 Petitioner was released from TDCJ-CID custody on parole and began serving the three-year term of federal supervised release (*Id.*).

On December 21, 2009 Petitioner was arrested by the Travis County Sheriff's Office following a bank robbery (Williams Decl at ¶ 6; D.E. 12 at p. 2). On December 23, 2009 an arrest warrant was issued to Petitioner for violation of his state parole (Williams Decl. at ¶ 6; D.E. 12 at p. 2).

On February 17, 2010 Petitioner was taken into federal custody via a writ of habeas corpus *ad prosequendum* (Williams Decl. at ¶ 7; D.E. 12 at p. 2). He remained in federal custody pursuant to the writ until June 18, 2010. Petitioner pleaded guilty to bank robbery and was sentenced in federal court to consecutive sentences for bank robbery (ninety-two months in Cause No. A-10-CR-058-SS) and violation of the terms of his supervised release (twenty-four months in Cause No. A-00-CR-128-SS) (Williams Decl. at ¶ 8; D.E. 12 at p. 2; Memo to Judge Sparks, filed under seal, D.E. 12 at p. 32). On October 15, 2010, Petitioner's bank robbery sentence was reduced to seventy months, to run consecutively to the twenty-four month sentence for violation of the terms of his supervised release, for a total of ninety-four months (Order in *U.S. v. Willis* (1), Cause No. A-10-CR-058-SS, filed under seal herein at D.E. 12 at p. 19).

Petitioner was paroled from state custody on January 30, 2015 and his federal sentence began that day (Williams Decl. at ¶ 8; D.E. 12 at p. 3). Petitioner received credit toward his state sentence for all the time he spent in custody between the date of his 2009 arrest and the date of his parole to federal custody, including the time he spent in federal custody on the writ of habeas corpus *ad prosequendum* (Williams Decl. at ¶ 9; D.E. 12 at p. 3).

In his complaint, Petitioner contends that he is entitled to credit toward the twenty-four month federal revocation sentence for the time he spent in federal custody on the *ad proseqendum* writ. In his dispositive motion, Respondent argues that Petitioner did not exhaust his administrative remedies and also that he is not entitled to relief on the merits. Plaintiff counters that he exhausted his administrative remedies and is entitled to the relief he seeks.

## APPLICABLE LAW

### A. Exhaustion

A district court is without authority to give an inmate credit for time already served or to otherwise administer his sentence. Rather, that authority lies with the United States Attorney General and is delegated to the BOP. *United States v. Wilson*, 503 U.S. 229, 335 (1992); *United States v. Pineyro*, 112 F.3d 43, 45 (2nd Cir. 1997). Decisions of the BOP regarding sentence calculation are subject to judicial review under an abuse of discretion standard. *Barden v. Keohane*, 921 F.2d 476, 478 (5th Cir. 1990); *McCarthy v. Doe*, 146 F.3d 118, 123, n. 4 (2nd Cir. 1998).

A petitioner cannot challenge a decision of the BOP until the BOP has made a final decision with respect to his request for a nunc pro tunc designation. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). An unripe claim should be dismissed for lack of jurisdiction. *Id. See also United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (In the event a prisoner believes he has been improperly refused credit for time served in state custody, he must first seek administrative review of the credit computations and

may only pursue judicial review of the computations once his administrative remedies are exhausted).

Petitioner appears to have made a request for a nunc pro tunc designation while he was incarcerated in TDCJ-ID. Respondent submitted copies of emails indicating that Petitioner sought "Barden review," of his sentence, which is a reference to his seeking credit toward his federal sentence from the BOP (*See* emails filed under seal, D.E. 12 at pp. 22-25).[1] Respondent also submitted a copy of a letter from the sentencing court to the BOP, stating that the court had reviewed Petitioner's file and recommended that the time he spent in state custody not be credited toward his federal sentence (Letter from the Hon. Sam Sparks, filed under seal, D.E. 12 at pp. 34-35). Although the actual document from the BOP denying Petitioner credit toward his sentence is not included in the record, it is presumed that the BOP denied the nunc pro tunc relief.

Petitioner is challenging that decision by the BOP via this lawsuit, but Respondent argues that Petitioner has not exhausted his administrative remedies because he has not availed himself of the three-step administrative process for resolving complaints by inmates. 28 C.F.R. § 542.10 et seq.[2] Petitioner claims that he did exhaust his remedies

---

[1] Under similar facts, the court in *Barden* remanded the case to the district court with directions that it in turn remand the matter to the BOP for prompt review of Petitioner's claim under the broad discretion given to the agency by 18 U.S.C. § 3621. *Barden*, 921 F.2d at 478. As part of a *Barden* review, the BOP may contact the sentencing court to ascertain whether the court intended the federal sentence to run consecutively or concurrently to the state court sentence. *Hunter v. Tamez*, 622 F.3d 427, 429 (5th Cir. 2010).

[2] Procedures for seeking filing administrative complaints are set out at 28 C.F.R. § 542.10 - 542.18. First, an inmate is supposed to attempt informal resolution of a problem and if it is not resolved he may submit a formal written administrative remedy request to the

through the BOP administrative process, but also appears to concede that he did not pursue his remedies beyond the institutional level (Resp. to MSJ, D.E. 14 at p. 4). Because Petitioner has not exhausted his administrative remedies with regard to the nunc pro tunc designation, this Court is without jurisdiction to hear it and it is recommended that his cause of action be dismissed without prejudice for failure to exhaust his administrative remedies.

### B. Merits

In the alternative, Respondent argues that Petitioner's claim for relief should be denied on the merits. The crux of Petitioner's claim is that when he was transferred to federal custody via the writ of habeas corpus *ad prosequendum* to be adjudicated on the bank robbery charge, the writ referred only to the bank robbery charge and did not refer to the motion to revoke supervised release based on the 2000 firearms charge. Thus, he argues, he should be given credit toward the 24-month firearms charge for the time he spent in federal custody on the writ, even if he is not given credit toward the bank robbery charge.

However, the fact remains that when Petitioner appeared in federal court, he was only "borrowed" via the writ and continued to receive credit toward his state court sentence. Regarding the calculation of a term of imprisonment:

(a) Commencement of Sentence.–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or

---

warden. If he is not satisfied with the warden's response, the inmate may submit an appeal to the regional director. If he is dissatisfied with the response from the regional director, he may appeal to the general counsel.

arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.

(b)   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added).

Petitioner received credit toward his state court sentence for all the time he spent in federal custody pursuant to the writ. The plain language of the statute indicates that Petitioner is not entitled to the relief he seeks because the time he spent in state custody was credited against his state sentence.

Nevertheless, to deny Petitioner's claim on the merits would run afoul of the holdings in *Pierce* and *Setser* which made clear that unexhausted sentence calculation claims should be dismissed for lack of jurisdiction. Thus, the district court does not have jurisdiction to rule on the merits of an unripe habeas request. *Pierce*, 614 F.3d at 160; *Setser*, 607 F.3d at 133.

## RECOMMENDATION

It is respectfully recommended that Respondent's motion to dismiss and in the alternative, for summary judgment (D.E. 13) be GRANTED in part and DENIED in part. Respondent's motion to dismiss should be GRANTED and Petitioner's application for habeas corpus relief should be DISMISSED without prejudice for failure to exhaust administrative remedies. Respondent's motion for summary judgment should be

DENIED because this Court does not have jurisdiction to rule on the merits of Petitioner's claim.

Respectfully submitted this 2nd day of January, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).